WHITLOCK v. CHILDWOLD PARK HOTEL CO.

(Supreme Court, Appellate Division, Third Department.   June 29, 1910.)

1. EVIDENCE (§ 441*)—PAROL EVIDENCE—VARYING TERMS OF CONTRACT.
    Where a written contract of employment did not permit the employé to use wood previously cut, parol evidence that it was orally agreed that he should have such wood was inadmissible as varying the terms of the contract.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2030–2047; Dec. Dig. § 441.*]

2. MASTER AND SERVANT (§ 3*)—CONTRACT OF EMPLOYMENT.
    An agreement that an employé superintending the employer's property could have all the wood he wanted did not permit the employé to use wood previously cut and prepared for use, but gave him permission to to take wood from the woods and prepare it for his use.
    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 3.*]

Appeal from Judgment on Report of Referee.

Action by John T. Whitlock against the Childwold Park Hotel Company. From a judgment for plaintiff entered on the report of a referee, defendant appeals. Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Cantwell & Cantwell (John M. Cantwell, of counsel), for appellant.
Kellas & Genaway (J. P. Kellas, of counsel), for respondent.

JOHN M. KELLOGG, J.   The result of the trial is satisfactory, and we find no error to the prejudice of the defendant except the following: The defendant sought to offset against the plaintiff's claim for services 75⅞ cords of wood of the value of $2.25 per cord, which belonged to the defendant and was used by the plaintiff.   The contract between the plaintiff and defendant was in writing, and contained no provision indicating that the defendant was to furnish plaintiff with firewood.   It provided that the defendant employed the plaintiff at a salary of $65 a month to superintend its property at Childwold.   He was to keep and render an account of moneys received and disbursed, to have the care and oversight of the company's property, to hire and discharge employés, and was to have free use of the lodgings in the guide house customarily used by the superintendent, including four bedrooms, kitchen and sitting room.   He was also to have, for the use of himself and family, such vegetables as may be on the company's estate.   This agreement continued from September 9, 1907, to the 8th of March, 1908, when a further written agreement was made by which the company employed him as superintendent from April 1, 1908, to April 1, 1909, at $70 per month wages.   It agreed to let to him the guide house at a rent equivalent to 10 per cent. of the gross revenue from paying boarders and lodgers.   He was to give suitable accommodations in the Hayes and Green cottages to the men employed by the company at such rates as he may decide upon and to pay the company 50 cents per week for each paying boarder in said.

two cottages, except such boarders as are in the company's employ, it to spend $250 in fitting up and equipping the guide house, he to have the privilege of raising vegetables for his table. The referee permitted, over the defendant's objection, evidence by plaintiff that it was agreed as a part of the contract of hiring that the plaintiff was to have his wood and vegetables. He quotes the defendant's representative as saying:

"There is wood there; you are surrounded by woods; you are right in the woods, you can have all the wood you want. We have always furnished the superintendent with wood. You are supposed to have your wood and all the superintendents have had it. There is plenty of it there, and don't go cold. Use what wood you want; the company can pay for what wood it is necessary to burn up there. He wrote in the contract I was to have vegetables for the table."

The question as to wood relates to the wood already cut and prepared for use before the superintendent came upon the place, and I think this testimony was inadmissible so far as it tends to show that the plaintiff had the right to use this wood without compensation. It changes the terms of the agreement. The agreement specifies the right to raise vegetables, but omits wood. If the evidence was admissible I think the conclusion of the referee is wrong that it related to wood already cut. At most it was permission to take wood from the woods; that is, to prepare wood for use, and not to take the wood which had been cut and stored for the use of the company. It was not unreasonable that the superintendent might cut and supply himself with wood from the forest, but it is unreasonable to expect that he could keep boarders and that the company was to furnish the leased boarding and lodging house wood already cut and prepared for use elsewhere.

The judgment therefore is erroneous and against the weight of evidence so far as it relates to the wood. If the amount of the wood is deducted from the judgment, there is no reason why the remainder of the judgment may not stand.

The judgment is therefore reversed upon the law and the facts, the referee discharged, and a new trial granted, with costs to appellant to abide the event, unless the plaintiff, within 20 days, stipulates to deduct from the damages $169.72, in which case it is so modified, and, as modified, affirmed, without costs to either party in this court. All concur.